# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**JAMES GREEN, as Special Administrator of the**         **PLAINTIFFS**
**Estate of Felix Williams, deceased; et al.**

v.         **CASE NO. 4:17-CV-00534 BSM**

**SKYLINE HIGHLAND HOLDINGS LLC; et al.**         **DEFENDANTS**

## ORDER

Plaintiffs' motion to remand [Doc. No. 17] is denied.

## I. BACKGROUND

Plaintiffs bring this class action lawsuit on behalf of all residents or estates of residents who stayed at four defendant nursing homes between April 1, 2016, to the present. Plaintiffs allege that defendants breached contractual and statutory duties owed to the plaintiffs by failing to adequately staff the nursing homes.

The corporate structure and relationships among the various defendants are as follows: Defendant nursing homes are separate limited liability companies that share a common corporate parent, defendant JS Highland Holdings, LLC ("JS"). In addition to acting as the holding company of its four nursing home subsidiaries, JS also provides the nursing homes with various administrative and management services. Defendant Skyline Holdings LLC ("Skyline") is another subsidiary of JS and also provides administrative and management services for the defendant nursing homes. JS's sole member is defendant Joseph Schwartz, a citizen of New York. Schwartz is therefore the sole member and effective owner of all LLC defendants. Moreover, all of the LLC defendants are registered in and have their

primary place of business in Arkansas. Each defendant nursing home separately employs its respective administrative and nursing directors, who are all citizens of Arkansas.

Defendants removed this case from the Pulaski County Circuit Court, alleging that jurisdiction was proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. sections 1332(d), *et seq.*; diversity jurisdiction; and federal question jurisdiction. *See* Doc. No. 1. Plaintiffs move to remand, arguing that while CAFA's threshold requirements are satisfied, CAFA's "local controversy," "home state," and discretionary remand exceptions apply. Defendants respond by arguing that none of CAFA's exceptions apply, and diversity and federal question jurisdiction independently confer subject matter jurisdiction.

The motion to remand is denied because none of the CAFA exceptions apply and therefore subject matter jurisdiction properly lies herein. Whether diversity-of-citizenship or federal question jurisdiction independently confer jurisdiction need not be addressed.

## II. LEGAL STANDARD

CAFA eases the diversity requirements in certain class action lawsuits. Under CAFA, a federal district court has original subject matter jurisdiction where at least $5,000,000 is in controversy, the proposed class consists of over 100 members, and minimal diversity is satisfied. 28 U.S.C. § 1332(d)(2).

CAFA has several exceptions, but only three are relevant in this case. First, the "local controversy" exception provides that when the following criteria are met, the federal district court must "decline to exercise jurisdiction":

    1) more than two-thirds of the proposed class members are

2

citizens of the state where the action was originally filed,

2) the class seeks significant relief from at least one defendant who is a citizen of the same state in which the action was originally filed and whose conduct forms a significant basis for the claims asserted,

3) principal injuries resulting from the conduct of each defendant were incurred in the state in which the suit was originally filed, and

4) No other class actions have been filed asserting the same or similar allegations against any of the defendants on behalf of the same or other persons during the three-year period preceding the filing of the current class action.

28 U.S.C. § 1332(d)(4)(A). Second, the "home state" exception provides that a "district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* at § 1332(d)(4)(B). Third, the discretionary remand exception allows a district court to decline to exercise jurisdiction in certain cases where more than one-third but less than two-thirds of the members of the proposed class and all "primary defendants" are citizens of the state in which the class action was originally filed. *Id.* at § 1332(d)(3). A number of factors are then considered in deciding whether discretionary remand is appropriate, including whether the claims involve issues of national importance, whether the forum's law principally governs issues in the case, and whether the action was brought in a forum with a nexus to the parties or alleged harm. *See, e.g.*, *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 681 (7th Cir. 2006); *Hirschback v. NVE Bank*, 496 F. Supp.2d. 451, 461 (D. N.J. 2007).

Once the threshold requirements for CAFA jurisdiction have been satisfied, the party seeking remand has the burden of establishing that an exception applies. *See, e.g.*, *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). No presumption favoring remand applies in CAFA cases, and all doubts should be construed in favor of exercising federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

## III. DISCUSSION

Plaintiffs concede that the threshold requirements for CAFA jurisdiction, such as the amount-in-controversy exceeding $5,000,000 and the putative class consisting of over 100 members, are satisfied. The remaining question is whether a CAFA exception applies.

At the outset, it is important to note that the various LLC, administrator, and nursing home defendants are all Arkansas citizens under CAFA. CAFA displaces the traditional rule of basing LLC citizenship on that of its members. 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010); *Davis v. HSBC Bank Nev. N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009). Under CAFA, an LLC is a citizen of the state(s) in which it is organized and has its principal place of business. *Ferrell*, 591 F.3d at 701–05; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). It is undisputed that all defendant LLCs are registered in and have their principal places of business in Arkansas, so they are undoubtedly Arkansas citizens under CAFA. Moreover, it is also undisputed that all named administrative directors and nursing directors are

Arkansas citizens. In fact, the only non-Arkansas defendant is Joseph Schwartz.

A. <u>Local controversy exception</u>

The local controversy exception does not apply because plaintiffs have failed to demonstrate that there is one Arkansas defendant, common to all class members, whose conduct formed a "significant basis" for plaintiffs' claims and from whom "significant relief" is sought. 28 U.S.C. § 1332(d)(4)(A)(2).

"CAFA itself does not describe the type or character of conduct that would form a 'significant basis' of plaintiffs' claims or define the term 'significant relief.'" *Tuohey v. Chenal Healthcare, LLC*, No. 4:15-CV-00506 JLH, 2015 WL 12776598, at *3–4 (E.D. Ark. Oct. 8, 2015) (quoting *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1265 (10th Cir. 2014)). The Eighth Circuit, however, has held that the "significant basis" element requires that a local defendant's conduct be a significant ground for claims asserted by all the class members and not simply that of a subclass. *Westerfeld*, 621 F.3d at 824–25. Additionally, "[w]hether the defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the Defendants." *Id.* at 825 (quoting *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 157 (3rd Cir. 2009)).

Plaintiffs mistakenly argue, however, that simply because twenty-one of the twenty-two defendants are Arkansas residents from whom the class seeks collective relief, there must be at least one local defendant whose conduct forms a "significant basis" for the claims asserted by all or even a majority of class members. The proposed class is effectively an aggregation of four subclasses, each having allegedly suffered harm at the hands of four

separate defendant nursing homes and their respective administrative and nursing directors. Although alleging that all defendants, in part, engaged in a common civil conspiracy, plaintiffs have not met their burden of showing how any one of these separate nursing homes and its respective administrative or nursing director was a significant basis of harm and resulting claims of class members residing at the other nursing homes. *See Westerfeld*, 621 F.3d at 824–25; *Tuohey*, 2015 WL 12776598 at *3. These defendants, therefore, are not common and significant to the class as a whole, but instead specific to the respective subclass of residents who stayed at that particular nursing home.

The only common defendants to all class members are Skyline, JS, and Joseph Schwartz. The complaint, however, alleges that each of these defendants jointly engaged in the underlying misconduct that resulted in defendants' breach of contractual and statutory duties owed to the class members. It fails to specify the conduct of any particular defendant and instead refers to defendants' collective conduct in alleging the various counts in the complaint. *See Tuohey*, 2015 WL 12776598 at *3–4 (citing *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 362 (5th Cir. 2011)). At this point, the relative conduct of the various defendants cannot be compared to determine which defendants, if any, are more culpable or responsible for the claims alleged in the complaint. *See also Kaufman*, 561 F.3d at 157. The plaintiffs, therefore, have not adequately identified any particular defendant whose conduct forms a significant basis for the claims they assert under CAFA.

Moreover, the complaint seeks no individualized relief against a single defendant. It seeks to hold all defendants jointly and severally liable for collective misconduct. For this

reason, the class has not identified any particular defendant from whom "significant relief" is sought. *See*, *e.g.*, *Evans v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006); *Grosshart v. State Farm Mutual Automobile Insurance Co.*, Case No. 16-CV-00766-W-DW, 2016 WL 5661526, at *3 (W.D. Mo. Sept. 29, 2016); *Robinson v. Cheetah Transp.*, No. Civ.A. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006).

B. <u>Home State Exception</u>

To qualify for remand under the home state exception, no primary defendant can be a citizen of a state other than where the case was filed. 28 U.S.C. § 1332(d)(4)(B); *see also Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp.2d 506, 515 (E.D. Pa. 2007). This exception does not apply because Schwartz, a New York resident, is a primary defendant.

CAFA does not define "primary defendant." The "courts have taken varying approaches leading to some incongruency," but a "primary defendant is one: (1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action." *Brook v. UnitedHealth Group Incorporated*, No. 06 CV 12954 (GBD), 2007 WL 2827808 at *5 (S.D.N.Y Sept. 27, 2007) (citations omitted).

The complaint does not single out any particular defendant as more responsible for the alleged harm than any other defendant. Indeed, the complaint indicates that all defendants are engaged in a common enterprise and should be held joint and severally liable for their conduct. *See*, *e.g.*, *Nicholson v. Prime Tanning Corp.*, No. 09–6083–CV–SJ–GAF,

7

2009 WL 2900042, at *2 (W.D. Mo. Sept. 3, 2009) ("Courts have routinely held that when a complaint fails to distinguish among defendants as to theories of liability, all are considered primary defendants."); *Moua v. Jani-King of Minnesota, Inc.*, 613 F. Supp.2d 1103, 1108–09 (D. Minn. 2009); *Brook*, 2007 WL 2827808 at *6 ("Since plaintiffs themselves maintain that defendants are each equally culpable and liable for the injuries purportedly suffered by the putative class members, there is no rational[] basis upon which to differentiate the defendants' status as being primary or secondary."); *Green v. SuperShuttle Intern., Inc.*, Civil No. 09–2129 ADM/JJG, 2010 WL 419964, at *4 (D. Minn. Jan. 29, 2010) (finding that all defendants are "primary defendants" under CAFA when a complaint does not make facial distinctions among defendants).

Moreover, Schwartz's relationship with the various defendant LLCs suggests that he is, in fact, a primary defendant. Schwartz arguably faces the greatest liability of all defendants due to his ownership of, and independent connection with, each of the defendant nursing homes. The complaint does not distinguish or apportion liability among defendants in a way that suggests Schwartz is not directly liable, as opposed to simply vicariously liable, for his alleged role in defendants' joint conspiracy. Instead, the complaint states that "Schwartz's conduct forms a significant basis for the claims asserted herein and from whom Plaintiffs seek significant relief." Am. Compl. ¶ 9. For these reasons, all defendants, including Schwartz, are primary defendants under the home state exception. Schwartz's presence as an out-of-state primary defendant defeats the home state exception.

C. <u>Discretionary Remand</u>

Discretionary remand is not available because Schwartz is a citizen of New York and a primary defendant. Discretionary remand, like the home state exception, is available only when all primary defendants are citizens of the state in which the case was filed. *See* 28 U.S.C. § 1332(d)(3). Additionally, plaintiffs concede that greater than two-thirds of the proposed class are also Arkansas residents, which independently forecloses discretionary remand. *Id.*

## IV. CONCLUSION

For these reasons, none of the CAFA exceptions apply, federal jurisdiction is proper, and plaintiffs' motion to remand [Doc. No. 17] is denied.

IT IS SO ORDERED this 4th day of December 2017.

_____
UNITED STATES DISTRICT JUDGE